IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
APR 2 1 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| GLENDA M. MARZETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-04-765-W |
| ) | |
| OKLAHOMA GAS AND ELECTRIC ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Motion for Partial Summary Judgment filed by defendant Oklahoma Gas and Electric Company ("OG&E") pursuant to Rule 56(c), F.R.Civ.P. Plaintiff Glenda M. Marzett has responded in opposition to the motion, and OG&E has filed a reply. Based upon the record, including the following undisputed facts, the Court makes its determination.[1]

1. On November 18, 2003, Marzett submitted a letter of resignation and resigned from her employment at OG&E.

2. On January 13, 2004, she filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").

3. In describing the alleged discrimination which gave rise to, and prompted the filing of, the Charge, Marzett wrote:

---

[1]To the extent Marzett has relied in her response on the proceedings before the Oklahoma Employment Security Commission ("OESC"), the Court has disregarded Marzett's arguments and exhibits. E.g., 40 O.S. § 2-610A ("[a]ny findings . . . , judgment, conclusion or final order . . . shall not be used as evidence in any separate or subsequent action or proceeding . . . in any other forum").

> "In March of 1981, I started my employment with OG&E. On September 30, 2003, I was asked to reapply for my current position. Because of my race and age I was denied a promotion and was treated to different terms and conditions.
>
> I believe that I have been discriminated against because of my Race (Black) . . . and because of my Age . . . ."

4. Consistent with her explanation, Marzett marked "race" and "age" as the types of discrimination to which she had allegedly been subjected during her employment with OG&E, rejecting "retaliation" as an applicable category.

5. Likewise, Marzett listed "09-30-2003" as both earliest date and the latest date the alleged discrimination occurred and in so doing, rejected "continuing action" as the appropriate description of the alleged discrimination she experienced.

6. On March 29, 2004, the EEOC issued a Dismissal and Notice of Rights and advised Marzett that she had ninety (90) days from receipt of the Dismissal and Notice of Rights in which to bring suit against OG&E based upon the allegations in her Charge.

7. On July 9, 2004, Marzett brought the instant action and alleged that OG&E had violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Employee Retirement Income Security Act, 29 U.S.C. § 1140, Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, and state law.

8. In her complaint, Marzett alleged that OG&E had "continuously discriminated against her because of her age," Complaint at 2, ¶ 5, that but for her age, "she would not have been demoted," id., and that OG&E "maintains a policy or practice that adversely impacts its senior employees and has discriminated against this class on the basis of their age, not only in promotions and terminations, but also in job assignments and in the reduction in force actions." Id. at 2, ¶ 6.

9. Marzett further alleged that "after she complained about the discriminatory treatment . . . , [she] . . . began to experience hostile employment conditions which destroyed her ability to perform the essential functions of the job[,] thereby, causing her to be constructively terminated," Complaint at 3, ¶ 13, that OG&E's "retaliation against . . . [her] included but was not limited to constructive termination alone, id. at 3-4, ¶ 14, and that she "was subjected to intensified harassment . . . ." Id. at 4, ¶ 14.

10. Finally, Marzett alleged that after she complained to OG&E about her reassignment, "she began to be subjected to increased harassment and other adverse action which caused her work environment to become so hostile that she was forced to leave." Id. at 4, ¶ 16.

Marzett's causes of action seeking relief for age and race discrimination are governed by the ADEA and Title II, which "have virtually identical requirements with respect to the filing of EEOC charges." Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1194 n.1 (10th Cir. 2004)(citations omitted). Both statutes demand that prior to the commencement of any suit based upon allegations of discriminatory employment practices, a plaintiff must exhaust available administrative remedies, and in particular, both Title VII and the ADEA require that a charge of discrimination be filed with the EEOC within 300 days after the alleged discriminatory practice has occurred. E.g., 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(2).

OG&E has argued that all claims based upon age and race discrimination, other that Marzett's claim based upon OG&E's alleged failure to promote on September 30, 2003, are barred from judicial review because Marzett failed to exhaust her administrative remedies with regard to all other claims. Marzett has responded that because such claims

are based upon alleged adverse employment actions that occurred within 300 days of the date she filed her Charge with the EEOC and relate to the event identified in her Charge, such claims need not be the subject of separate EEOC charges of discrimination.[2]

In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the United States Supreme Court, in abrogating the "continuing violation doctrine" adopted by a majority of federal courts, held that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" id. at 114, and "[a] party . . . must file a charge within . . . 300 days of the date of [each actionable unlawful employment practice] . . . or lose the ability to recover for it." Id. at 110. Thus, to the extent that Marzett has alleged discrete and independent acts of discrimination or retaliation in her complaint[3] in addition to her claim of failure to promote on September 30, 2003, the Court finds Marzett is precluded from pursuing claims based upon such acts for failure to exhaust her administrative remedies.

The Supreme Court recognized in Morgan that "[h]ostile environment claims are different in kind from discrete acts," 536 U.S. at 115, because "[s]uch claims are based on the cumulative effect of individual acts," id., and are "composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" Id. at 117 (citation omitted).

---

[2]In the absence of any persuasive supporting authority, the Court finds no merit to Marzett's argument that OG&E had notice of Marzett's unexhausted claims because of the allegations she made during the OESC proceedings. Likewise, the Court finds that the notice, if any, arising from these proceedings, does not trigger the equitable doctrines of waiver, estoppel or equitable tolling.

[3]These include Marzett's allegations of continuous age discrimination, Complaint at 2, ¶ 5, discrimination resulting from polices or practices adversely affecting protected employees, id. 2, ¶ 6, demotion, id. at 2, ¶ 5; id. at 4, ¶ 15, and constructive discharge or termination. Id. at 3, ¶ 13; id. at 3-4, ¶ 14; id. at 4, ¶ 16.

Furthermore, the act giving rise to the charge of discrimination "need not . . be the last act." Id. "In order for the charge to be timely, the employee need only file a charge within . . . 300 days of any act that is part of the hostile work environment." Id. at 118.

Marzett has argued that she has met Title VII's timely filing provisions because she filed her Charge within 300 days after one adverse employment action which contributed and is related to her claim of hostile work environment occurred. The Court disagrees.

Even construing Marzett's Charge liberally, the Court finds her "'failure to promote' claim could not reasonably be expected to lead to a hostile work environment . . . claim." Mitchell v. City and County of Denver, 2004 WL 2287756 *4 (10th Cir. 2004)(cited pursuant to Tenth Circuit Rule 36.3). "Nothing in [Marzett's] . . . EEOC complaint indicates a hostile work environment." Id. Her "[C]harge contains no factual allegations of treatment in manner or degree sufficient to allege a hostile work environment." Id. Thus, the Court finds that Marzett has failed to exhaust her administrative remedies with regard to any claim of hostile work environment, whether based on age or race, and that her failure to exhaust renders such claim nonactionable.

Based upon the foregoing, the Court GRANTS OG&E's Motion for Partial Summary Judgment filed on February 10, 2005.

ENTERED this __21st__ day of April, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE